REGAN, Judge.
The plaintiffs, Mrs. Ellen Green, wife of Henry Spriggs, Mrs. Emma Green, widow of Schedricks Lyons, Mrs. Ella Green, widow of Wallace Berry, William Green, Mrs. Lille Green, widow of Joseph Riggins, Mrs. Lillian Green, widow of Walter Bouie, Arthur Green, Jr., Alex Green, Joseph Green and Miss Ellen Green, instituted this suit against the defendants, Mrs. Rosalie Cashio, widow of Paul Falletta, Mrs. Sara Falletta, wife of Camille Legendre, Mrs. Lucy Falletta, wife of Anthony Cherry and Mrs. Mary Falletta, wife of Anthony Pane-pinto, endeavoring to annul a judgment of the Civil District Court for the Parish of Orleans, rendered on July 2, 1928, insofar as it judicially recognizes a transfer to Paul Falletta of certain real property initially belonging to the Succession of Cecelia Green, widow of and Hughey Ross.
Defendant pleaded the exceptions of no right or cause of action and estoppel, which were overruled; a plea of prescription *269 which was referred to the merits and then answered denying all of the pertinent allegations of plaintiffs’ petition.
There .was judgment below dismissing plaintiffs’ suit and, in consequence thereof, they have, prosecuted this appeal.
The record reveals that on January 12, 1928, a judgment was rendered in the Succession of Cecelia Green, widow of and Hughey Ross, recognizing Mary Janvier, widow of Alex Green as the mother and sole surviving heir of Cecelia Green and placing her in possession as owner in full of a piece of improved real estate. The judgment of possession was rendered on the petition of Mary J. Green supported by the usual affidavit of heirship signed by Paul Falletta and Arthur Green to the effect that they were well acquainted with Cecelia Green; she died intestate and left as her sole surviving heir, her mother, Mary J. Green.
Five days later or on January 17, 1928, by virtue of an act executed before H. G. Huckabee, notary public, Mary J. Green sold the property acquired from the Succession of Cecelia Green, widow of and Hughey Ross, to Paul Falletta for the sum of $1,000. Title to three-fourths thereof is disputed’in this present suit.
On June 30, 1928, approximately five and one half months later, a supplemental petition was filed on behalf of Mary J. Green and the brothers and sisters of Cecelia Green asserting that Mary J. Green, their mother, was heir to merely one-fourth interest in the property and requested that the brothers and sisters be recognized as the owners of the remaining three-fourths thereof. Petitioners then requested that Paul Falletta be recognized as the transferee of all of their right, title and interest therein; and in addition thereto that they be recognized as owners and placed in possession of the proceeds of a policy of life insurance amounting to $300. The usual affidavit, dated May 31, 1928, was annexed to this petition signed by all of the heirs except one and the remaining heir signed the affidavit on June 28, 1928. These parties, omitting Mary J. Green, are the plaintiffs in the present suit. According to this affidavit they swore that the petition had been read to them; they understood its objective; the facts therein contained were true and correct and they concurred therein. Those affiants unable to sign affixed their mark.'
Judgment was rendered thereon as prayed for on July 2, 1928.
On December 12, 1947, or about nineteen years later, the heirs,- with the exception of Mary J. Green, filed a petition to annul the judgment of July 2, 1928, insofar as it recognized Falletta as the transferee of a three-fourths interest in the property on the ground that fraud had been practiced upon them by one of the attorneys representing them on June 30, 1928. All of the parties litigant presently endeavoring to annul this judgment were either parties to that proceeding or surviving heirs of parties thereto, whom they now represent.
As we have related heretofore the lower court rendered judgment on May 10, 1951 dismissing their suit and from that judgment they have prosecuted this appeal.
Plaintiffs contend that fraud was practiced upon them by one of the attorneys who prepared and filed the supplemental petition on June 30, 1928, in that he procured from them an affidavit for the ostensible purpose of enabling them, as heirs, to collect their respective share in a policy of life insurance amounting to $300, which they incidentally received, but that his principal motive in procuring this affidavit from them was for the purpose of attaching it to the suppleméntal petition thus making it legally complete in order that their three-fourths interest in this property could be transferred to Paul Falletta. Plaintiffs insist that if they had been aware of their attorney’s surreptitious motive that they would never have executed this affidavit. In order to lend credence and substantiation to this serious charge of fraud plaintiffs laboriously endeavor to show the devious path pursued by the wrongdoer. They point out that the supplemental peti *270 tion was signed, not by the heirs, but only by the attorneys and that two days after it was filed in the clerk’s office of the court, or on July 2, 1928, the affidavit, previously and fraudulently procured from them, was then likewise filed and attached to the petition, which facilitated the rendition of a fraudulent judgment. They also point to what they consider to be other evidence of fraud indelibly inscribed on the face of the documents appearing in the record — again revealed by the affidavit which was dated and signed one month before the supplemental petition was filed; that the affidavit reflected another sinister motive in that it was obviously differentiated from the petition because of the dissimilar stationery and type employed in its preparation.
On the other hand, the defendant, in resisting plaintiffs’ claim, insist that no fraud has been practiced upon the plaintiffs.
Obviously only a question of fact is posed for our consideration and that is whether fraud was perpetrated upon the plaintiffs in the transfer of their three-fourths interest in this property to Paul Falletta.
We have given careful consideration to the testimony of the attorney who represented the plaintiffs in 1928 and whom the plaintiffs accuse of wrongdoing. He is a reputable member of the bar and we are thoroughly convinced from his testimony that plaintiffs were not the subjects of fraud. He related that the “supplemental petition came first in the regular order and the people signed after.” He elaborated upon this statement by pointing out that the supplemental petition was prepared on the typewriter in his office; that the affidavit which bears two dates May 31, 1928 and June 28, 1928, was prepared and typewritten at his home where the plaintiffs came to read the petition and signed the affidavit. He asserted that five of the heirs signed the affidavit on May 31, 1928, and that he then waited for almost a month before the remaining heir, Emma Green Lyons, a resident of Houston, Texas, came to New Orleans and that upon her arrival she visited his home and signed the affidavit on June 28, 1928; he explained that since these were uneducated or illiterate Negroes he did not read the petition verbatim to them but stated the facts in a manner they could understand; and finally that it was the desire of all the parties to consummate exactly the objective stated in the petition.
In the reflected light of the foregoing testimony we have also made a careful analysis of the supplemental petition and the affidavit annexed thereto, and we are satisfied from an examination of the documents which bear the impression of the rubber stencil of the clerk’s office of the Civil District Court that both the petition and affidavit were filed and paid for simultaneously on Saturday, June 30, 1928, and that the documents were subsequently indexed in the clerk’s records on Monday, July 2, 1928. In other words, no time elapsed between the filing of the petition and the affidavit attached thereto.
It is, therefore, our opinion that no fraud was practiced in affecting the transfer of the three-fourths interest in this property to Paul Falletta.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.